UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PABLO MOLINA,<br><br>        Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>        Respondent. | Case No.: 16cv720-JLS-MDD<br><br>**ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**<br><br>**[ECF No. 20]** |

  Hector Pablo Molina ("Petitioner"), a state prisoner proceeding *pro se*, seeks federal habeas relief from a felony conviction for second degree murder. On November 11, 2016, Petitioner constructively filed a motion for an evidentiary hearing. (ECF No. 20). On December 9, 2016, Respondent timely filed an opposition. (ECF No. 22). Petitioner did not file a reply. (*See* Docket). Petitioner requests that the Court conduct an evidentiary hearing. (*See* ECF No. 20). A federal court's discretion to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously made unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issue which a prisoner made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437. Petitioner generally argues that the state court "failed to provide a full and fair [h]earing and the District Court now is required to hold an . . . Evidentiary hearing in accord" because the verdict was "illogical," "unbelievable" and "witnesses are of central issue." (ECF No. 20 at 8-9). Petitioner does not establish that his request relies on a new rule of constitutional law, or a factual predicate that could not have been previously discovered through due diligence. (*See* ECF No. 20). Similarly, Petitioner has not alleged facts that would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. (*See id.*). Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

    **IT IS SO ORDERED**.

Dated: January 23, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge